IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

BLAKE GARDNER,

     Plaintiff,

vs.

                                    **COLLECTIVE ACTION**

VENICE MOTORS LLC,
a Florida Limited Liability
Company, d/b/a Venice Toyota,

     Defendant.

_____/

## COMPLAINT

## INTRODUCTION

1.     This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA") to recover unpaid overtime wages owed to Plaintiff BLAKE GARDNER (hereinafter, "GARDNER"), and all others similarly situated to him who were formerly or are currently employed as lube technicians Defendant VENICE MOTORS LLC d/b/a Venice Toyota, (hereinafter, "Venice Toyota"), in its automobile dealership located in Sarasota County, Florida.

2.     Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to him, seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant.

3.     Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendant as lube technicians, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA,

29 U.S.C. §216(b).

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Sarasota County, Florida and within the Middle District of Florida.

## PARTIES

6.      Plaintiff, BLAKE GARDNER, (hereinafter "GARDNER") a resident of Sarasota County, was at all times material, employed by VENICE MOTORS LLC, as an automobile lube technician, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with VENICE MOTORS LLC, was engaged in commerce or in the production of goods for commerce. To wit: GARDNER, and those similarly situated to him, regularly and consistently handled and worked with goods and materials such as tools, machines, motor oil and filters that traveled in interstate commerce.

6.      Defendant, VENICE MOTORS LLC, (hereinafter, "Venice Toyota"), is a Florida Limited Liability Company doing business in Sarasota County, Florida, which owns and operates the Venice Toyota automobile dealership, is an enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. §§203(d) and (s)(1), in that in that it has employees engaged in commerce of in the production of goods for commerce, and it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, at the dealership where GARDNER was employed.

## FACTUAL ALLEGATIONS AS TO UNPAID OVERTIME

7.    The allegations in Paragraphs 1 through 6 are incorporated as if fully stated herein.

8.    Plaintiff is a former employee of Defendant where, from on or about May 19, 2022 through February 24, 2023, Plaintiff worked as a lube technician for Defendant's Toyota Dealership.

9.    Defendant hires lube technicians and offer to pay them the flag rate method of payment that automobile dealerships typically pay to its service technicians.

10.    Despite purportedly paying its lube technicians a more lucrative flag rate, upon examination of Plaintiff's pay records, it is clear that Plaintiff and other similarly situated lube technicians are only paid a set hourly rate for all hours worked and are not, in fact, paid via the flag rate method.

11.    Upon information and belief, there are several other similarly situated individuals who were hired as lube technicians, worked overtime, and were paid a non-flag hour hourly rate for all hours worked without being paid overtime compensation, and who would be interested in joining this action if they were notified of the same.

12.    Defendant's pay practices violate the FLSA by failing to pay Plaintiff, and all others similarly situated, the requisite overtime wage.

## LEGAL CLAIMS

### COUNT I as to Plaintiff and Other Similarly Situated Lube Technicians:
### Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207

13.    The allegations in Paragraphs 1 through 12 are realleged and fully incorporated by reference herein.

14.     By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime compensation to be paid to its employees who work more than 40 hours per week.

15.     As a result of the unlawful acts of Defendant, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A.      To authorize the issuance of notice at the earliest possible time to all current and former employees who were employed by Defendant who were similarly deprived of overtime wages.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B.      To declare that Defendant has violated the overtime wage provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C.      To declare that Defendant's violations of the FLSA were willful;

D.      To award Plaintiff and other similarly situated current and former employees of Defendant adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E.      To award Plaintiff and other similarly situated current and former employees of Defendant liquidated damages in an amount equal to the unpaid overtime wages shown to be

owed pursuant to 29 U.S.C. §216(b);

F.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.      To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.      To award Plaintiff and other similarly situated current and former employees of Defendant their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, Blake Gardner, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.


*/s/ Blake Gardner*
Blake Gardner

Dated: February 27, 2023
Plantation, Florida

                                Respectfully submitted,


                                */s/ Robert S. Norell, P.A.*
                                Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                E-Mail: rob@floridawagelaw.com
                                **ROBERT S. NORELL, P.A.**
                                300 NW 70th Avenue
                                Suite 305
                                Plantation, FL 33317
                                Telephone: (954) 617-6017
                                Facsimile: (954) 617-6018
                                *Counsel for BLAKE GARDNER*